# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **Estate of Zachary Marshall,** : | |
| **through its Administrator Lacee Bowersox,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| vs. : | |
| : | |
| **Advanced Correctional Healthcare, Inc.,** : | |
| **Kelly Weaver, L.P.N.,** : | **JURY DEMAND** |
| **Madison Conrad Hogie, L.P.N.,** : | **ENDORSED HEREON** |
| **Christina Williams, L.P.N.,** : | |
| **Christopher Smith, L.P.N.,** : | |
| **Patricia Weaver, L.P.N.,** : | |
| **Chuka Onyeneke, M.D.,** : | |
| **Katelyn Huff, L.P.C.C.,** : | |
| **Officer Thomas Gordon, and** : | |
| **Officer Chelsie Betancourt,** : | |
| : | |
| **Defendants.** : | |

## COMPLAINT

For its Complaint, the Estate of Zachary Marshall (through its Administrator Lacee Bowersox), alleges:

## NATURE OF THE ACTION

1. This action arises out of the negligent, reckless, and deliberately indifferent actions of several medical staff members of the Richland County Jail, which caused the preventable death of Zachary Marshall. From when he first came into the Jail, Zach showed signs of infection that only worsened over time. Zach soon displayed an altered mental status. Despite obvious signs of a serious medical problem that—undiagnosed and untreated—posed a severe threat to Zach, jail medical staff never took steps to diagnose Zach's issues or transport him for more appropriate medical care. By the time they transported Zach to the hospital, it was

too late. A bacterial infection had become so severe that Zach developed sepsis. Doctors were unable to reverse the devastating facts of the Jail staff's negligent and reckless conduct, and Zach died.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff the Estate of Zachary Marshall brings this claim through its Administrator, Zach's sister Lacee Bowersox.

3. Defendant Advanced Correctional Healthcare, Inc. is an Illinois corporation with its principal place of business in Tennessee. At all relevant times, Advanced Correctional Healthcare provided medical services in the Richland County Jail under a contract with Richland County.

4. Defendant Kelly Weaver, L.P.N. is a natural person. At all relevant times, this defendant acted as an employee or agent of defendant Advanced Correctional Healthcare, was acting within the scope of that employment or agency, and performed all relevant actions in the Richland County Jail under the contract between Advanced Correctional Healthcare and Richland County.

5. Defendant Madison Conrad Hogie, L.P.N. is a natural person. At all relevant times, this defendant acted as an employee or agent of defendant Advanced Correctional Healthcare, was acting within the scope of that employment or agency, and performed all relevant actions in the Richland County Jail under the contract between Advanced Correctional Healthcare and Richland County.

6. Defendant Christina Williams, L.P.N. is a natural person. At all relevant times, this defendant acted as an employee or agent of defendant Advanced Correctional Healthcare, was acting within the scope of that employment or agency, and performed all relevant actions in

the Richland County Jail under the contract between Advanced Correctional Healthcare and Richland County.

7. Defendant Christopher Smith, L.P.N. is a natural person. At all relevant times, this defendant acted as an employee or agent of defendant Advanced Correctional Healthcare, was acting within the scope of that employment or agency, and performed all relevant actions in the Richland County Jail under the contract between Advanced Correctional Healthcare and Richland County.

8. Defendant Patricia Weaver, L.P.N. is a natural person. At all relevant times, this defendant acted as an employee or agent of defendant Advanced Correctional Healthcare, was acting within the scope of that employment or agency, and performed all relevant actions in the Richland County Jail under the contract between Advanced Correctional Healthcare and Richland County.

9. Defendant Chuka Onyeneke, M.D. is a natural person. At all relevant times, this defendant acted as an employee or agent of defendant Advanced Correctional Healthcare, was acting within the scope of that employment or agency, and performed all relevant actions in the Richland County Jail under the contract between Advanced Correctional Healthcare and Richland County.

10. Defendant Katelyn Huff, L.P.C.C. is a natural person. At all relevant times, this defendant acted either a) as an employee or agent of Richland County and the Richland County Sheriff's Office, or b) as an employee or agent of defendant Advanced Correctional Healthcare, was acting within the scope of that employment or agency, performing all relevant actions in the Richland County Jail under the contract between Advanced Correctional Healthcare and Richland County.

11. Defendant Officer Thomas Gordon is a natural person. At all relevant times, this defendant acted as an employee or agent of Richland County and the Richland County Sheriff's Office within the scope of his employment or agency.

12. Defendant Officer Chelsie Betancourt is a natural person. At all relevant times, this defendant acted as an employee or agent of Richland County and the Richland County Sheriff's Office within the scope of her employment or agency.

13. At all relevant times, all of the defendants acted under color of state law for purposes of 42 U.S.C. § 1983, because they committed their relevant conduct either as employees or agents of Richland County or pursuant to a contract by which Richland County delegated its jail medical care responsibilities—otherwise a public function—to Advanced Correctional Healthcare.

14. This Court has original jurisdiction over the federal claims in this matter under 28 U.S.C. § 1331 because they arise under the Constitution and laws of the United States. This Court has supplemental jurisdiction over the state law claims in this matter under 28 U.S.C. § 1367(a) because they form part of the same case or controversy as the federal claims.

15. Venue is proper in this district because one or more of the defendants reside in this district and all of the defendants are residents of Ohio for venue purposes, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## BACKGROUND FACTUAL ALLEGATIONS

16. In December 2021, Zach Marshall was a pretrial detainee in the Richland County Jail.

17. Richland County Officers Jeremy Howard and Christy Dorsey observed Zach in the jail shortly after midnight on December 5, 2021. Zach complained that he felt sick and was

unable to move because of a fall. Howard and Dorsey checked Zach's vital signs, which were indicative of infection, including because of elevated heart rate, elevated temperature, and low oxygen saturation. An hour later, Howard and/or Dorsey checked certain of Zach's vitals again, but not his temperature. This check revealed that Zach's blood pressure was elevated and his heart rate remained elevated.

18. Around 5:15 that same morning, defendant nurse Kelly Weaver encountered Zach and completed an "Emergency Triage Form." Zach was moaning loudly, crying, and shaking. He complained that he had no energy, that his ribs hurt when he breathed, that he couldn't catch his breath, and that he had neck pain. Weaver also checked Zach's vital signs, which continued to show an elevated blood pressure and heart rate. Weaver observed that Zach's feet were swollen, red, and warm to touch. These symptoms were indicative of infection.

19. Defendant Onyeneke, M.D. was made aware of Zach's concerning symptoms. Yet, he failed to properly monitor Zach or to instruct nursing staff as to the proper care and treatment necessary to protect Zach.

20. For the next several days, Defendant Karen Weaver encountered Zach and observed concerning symptoms, including elevated pulse and complaints of pain and discomfort.

21. Zach presented obvious signs of infection and sepsis. He also had a history of intravenous drug use known to Defendant Karen Weaver, which is a significant risk factor for sepsis.

22. On December 8, 2021, Defendant Karen Weaver performed a "Medical History and Health Appraisal," during which Zach continued to show an elevated heart rate. Zach's fever was not as high as it had been on December 5, but jail medical staff had ordered—and Zach had been regularly taking—Tylenol. Defendant Karen Weaver knew this, and as a nursing

professional would have known that Tylenol reduces fever but does not treat bacterial infection as the underlying cause of the fever.

23. Zach also showed obvious signs of an altered mental status, another obvious sign of a dangerous medical condition. On December 12, 2021, a sergeant in the jail tried to talk to Zach and noted that he acted very confused. Defendant nurse Madison Conrad examined Zach and also observed his altered mental status and that he was not eating or drinking. Zach was placed in medical segregation. But no diagnostic workup or other appropriate follow-up care was provided to determine and treat the cause of his altered mental status.

24. On December 16, 2021, a police lieutenant that was covering remote arraignments encountered Zach by videoconference. He noted that Zach was not acting right, appeared confused and not understanding what was going on. The arraignment was rescheduled for that reason. The lieutenant contacted the Richland County Jail's medical unit to advise them of how Zach was acting. The lieutenant advised defendant counselor Katelyn Huff and one of the Jail nurses about Zach's issue. On information and belief, the nurse was one of defendants Karen Weaver, Hogie, Williams, Smith, or Patricia Weaver. The jail records do not identify the nurse by name, and the specific identity of this nurse can be revealed through discovery.

25. Defendant Huff and one or more of defendants Karen Weaver, Hogie, Williams, Smith, or Patricia Weaver observed Zach's altered mental status. This was yet another obvious sign of a serious, dangerous medical condition. Yet none of these defendants got Zach the necessary medical care or otherwise responded appropriately.

26. Over the next two days, several jail officers observed Zach in his cell. This included Defendants Gordon and Betancourt, who observed Zach multiple times beginning early

6

in the morning on December 18 (although on at least one occasion that morning, Officer Gordon falsely logged a personal observation check on Zach that he did not perform).

27. On information and belief, during Defendants Gordon's and Betancourt's observations, Zach would have demonstrated obvious symptoms of a serious medical need. Yet neither of these Defendants called for medical help for several hours.

28. Shortly before 1:00 PM, on December 18, Officer Gordon finally called for an emergency response for Zach because he was unresponsive in his cell. Zach was transported the hospital, where it was reported to the medical staff that he had been acting abnormally for an entire week. Zach was diagnosed with sepsis. Because Defendants' actions and inactions had allowed his condition to become so severe, doctors were unable to save Zach. He died on December 22, 2021.

29. At all relevant times, the Individual Defendants were acting within the course and scope of their employment or agency with Defendant Advanced Correctional Healthcare, rendering Advanced Correctional Healthcare liable for the harms caused by the individual Defendants.

## COUNT ONE – 42 U.S.C. § 1983: VIOLATION OF 14TH AMENDMENT DUE PROCESS RIGHTS

30. Plaintiff incorporates the above allegations by reference as if fully restated here.

31. At all relevant times, all of the individual Defendants acted under color of state law.

32. All of the individual Defendants encountered and observed Zach in a condition where he manifested obvious symptoms of a serious medical need. These defendants knew, or should have known, that Zach's serious medical need was dangerous and life-threatening if not properly treated.

33. All of the individual Defendants acted deliberately and recklessly in the face of an unjustifiably high risk of danger and death to Zach. All of these defendants either knew or should have known about the risk.

34. All of the individual Defendants thus violated Zach's due process rights under the 14th Amendment to the United States Constitution by being deliberately indifferent to Zach's serious medical needs while he was in state custody as a pretrial detainee.

35. As a direct and proximate result, Zach suffered severe injury, pain and suffering, and death.

## COUNT TWO – WRONGFUL DEATH (STATE LAW)

36. Plaintiff incorporates the above allegations by reference as if fully restated here.

37. All of the Defendants owed Zach duties of care.

38. All of the Defendants breached their duties of care to Zach, doing so negligently, recklessly, willfully, or wantonly.

39. As a direct and proximate result of the Defendants' breaches, Zach suffered a wrongful death.

## COUNT THREE – SURVIVORSHIP (STATE LAW)

40. Plaintiff incorporates the above allegations by reference as if fully realleged here.

41. Defendants Gordon and Betancourt owed Zach duties of care.

42. Defendants Gordon and Betancourt breached their duties of care to Zach, doing so recklessly, willfully, or wantonly.

43. As a direct and proximate result of these Defendants' breaches, Zach suffered harm, including pre-death conscious pain and suffering.

## COUNT FOUR – RESPONDEAT SUPERIOR

44. Plaintiff incorporates the above allegations by reference as if fully realleged here.

45. In addition to any direct liability, by the doctrine of respondeat superior, Defendant Advanced Correctional Healthcare is liable for the acts and omissions of Defendants Kelly Weaver, Hogie, Williams, Smith, Patricia Weaver, and Onyeneke.

**WHEREFORE,** Plaintiff respectfully demands judgment in its favor and against all Defendants, jointly and severally, for compensatory damages in an amount to be determined at trial, for punitive damages, for the costs, expenses, and attorney fees of this action, and for all such other relief the Court deems proper.

Respectfully submitted,

/s/ Barton R. Keyes
Barton R. Keyes            (0083979)
bartk@cooperelliott.com
Cooper Elliott
305 West Nationwide Boulevard
Columbus, Ohio 43215
(614) 481-6000
(614) 481-6001 (Facsimile)

Counsel for Plaintiff
The Estate of Zachary Marshall

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

/s/ Barton R. Keyes