UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LACEE BOWERSOX, *administrator of the Estate Deceased Zachary Marshall*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 1:23-cv-2287 JUDGE CHARLES E. FLEMING **ORDER** |
| Plaintiff, | | |
| v. | | |
| ADVANCED CORRECTIONAL HEALTHCARE, INC., *et al.*, | | |
| Defendants. | | |

Before the Court is the parties' Stipulation of Partial Voluntary Dismissal ("Joint Stipulation"), which seeks the dismissal of Plaintiff's claims against Defendant Christopher Smith pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). (ECF No. 28). For the following reasons, the Court construes the joint stipulation as a motion to dismiss under Fed. R. Civ. P. 21 and **GRANTS** the same.

I. BACKGROUND

On November 27, 2023, Plaintiff Lacee Bowersox, as administrator of the Estate of Zachary Marshall, filed a complaint on behalf of the Estate against Defendants Advanced Correctional Healthcare, Inc.; Kelly Weaver; Madison Conrad Hogie; Christina Williams; Christopher Smith; Patricia Weaver; Chuka Onyeneke; Katelyn Huff; Thomas Gordon; and Chelsie Betancourt. (ECF Doc. 1). The complaint asserted four causes of action: (i) violation of Fourteenth Amendment due process rights, against all individual defendants (Count One); (ii) wrongful death, against all the defendants (Count Two); (iii) survivorship, against Defendants Gordon and Betancourt (Count Three); and (iv) respondeat superior liability, against Defendant

Advanced Correctional Healthcare, Inc. (Count Four).  (*Id.* at PageID #7–9).  On May 22, 2024, the parties filed the instant stipulation for voluntary dismissal.  (ECF No. 28).  In the joint filing, the parties stipulate and agree to the dismissal of Plaintiff's claim against Defendant Christopher Smith without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii).  (*Id.*).

## II.     DISCUSSION

Under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A)(ii).  However, Sixth Circuit precedent holds that plaintiffs may not use Rule 41 to dismiss some claims and defendants from an action; it can only be used to dismiss an entire *action*.  *See Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) (explaining that Rule 41's use of "the word 'action' . . . denotes the entire controversy"); *Sheet Metal Workers' Nat'l Pension Fund Bd. of Trustees v. Courtad, Inc.*, No. 5:12-cv-7238, 2013 U.S. Dist. LEXIS 105098, 2013 WL 3893556, at *4 (N.D. Ohio July 26, 2013) (citing *Taylor*, 286 F.2d at 785) ("A plaintiff seeking to dismiss only one defendant from an action must move the Court to do so under Rule 21."); *see also Espinosa v. First Advantage Background Servs. Corp.*, 343 F.R.D. 414, 415 (S.D. Ohio 2023) ("Thus, in the Sixth Circuit, Rule 41(a) is for dismissing the entire controversy, not parts of it.").  To dismiss fewer than all claims or parties in an action, a plaintiff must move to dismiss under Federal Rule of Civil Procedure 21.  *Taylor*, 286 F.2d at 785; *Metron Nutraceuticals, LLC v. Cook*, No. 1:20-cv-01803, 2023 U.S. Dist. LEXIS 124529, at *43 (N.D. Ohio July 18, 2023); *Bernard v. City of Cleveland*, No. 1:21-cv-1103, 2022 U.S. Dist. LEXIS 171048, at *3-4 (N.D. Ohio Sep. 21, 2022).  Because the parties seek to dismiss a single defendant from this action, the Court construes the Joint Stipulation as a Rule 21 motion to dismiss.

Under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party." Fed. R. Civ. P. 21.  Typically, parties are afforded an opportunity to respond before a district court rules on a Rule 21 motion. *See Bernard*, 2022 U.S. Dist. LEXIS 171048, at *4; *Baldwin v. Boeing Co.*, No. 1:19-cv-02400, 2021 U.S. Dist. LEXIS 260178, at *11 (N.D. Ohio Feb. 18, 2021).  In this case, the parties jointly "moved" to dismiss Plaintiff's claims against Defendant Christopher Smith without prejudice, with all parties having signed the Joint Stipulation.  (*See* ECF No. 28).  With all parties having agreed to dismissal of a defendant, and considering the record before it, the Court concludes that there will be no prejudice to any of the parties. Therefore, construing the motion as having been made pursuant to Rule 21, the Court **GRANTS** the same.

### III. CONCLUSION

For the foregoing reasons, the Court construes the parties' Joint Stipulation (ECF No. 28) as a motion to dismiss under Rule 21, **GRANTS** the same, and **DISMISSES** the claims against Defendant Christopher Smith **WITHOUT PREJUDICE**.  All other claims against all other defendants shall remain pending.

**IT IS SO ORDERED.**

Date: May 22, 2024

*(signature: Charles Fleming)*

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**